Joseph A. Hirsch, Esq.
Atty. Id. No. 66640
HIRSCH & HIRSCH
1 Belmont Avenue
8th Floor, Suite 8001
Bala Cynwyd, Pennsylvania 19004
Telephone (610) 645-9222                    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KALISHA OWENS-PRESLEY<br>6415 Old York Road<br>Philadelphia, PA 19120<br><br>　　　　Plaintiff<br><br>　V.<br><br>MCD PIZZA, INC.<br>d/b/a DOMINO'S PIZZA<br>4229 N. Broad Street<br>Philadelphia, PA 19140<br>and<br>DOMINO'S PIZZA<br>4229 N Broad Street<br>Philadelphia, PA 19140<br>and<br>MARK COSKUN<br>d/b/a DOMINO'S PIZZA<br>4229 N. Broad Street<br>Philadelphia, PA 19140<br>and<br>DOMINO'S PIZZA, INC.<br>30 Frank Lloyd Wright Drive<br>Ann Arbor, Michigan   48105<br><br>　　　　Defendants | CIVIL ACTION<br>No.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

PARTIES

1.   Plaintiff, Kalisha Owens-Presley, is an adult individual,

1

residing at 6415 Old York Road, Philadelphia, PA 19120 which is within the Eastern District of Pennsylvania. Plaintiff files this action to seek redress for Defendant's unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964 (as amended)(42 U.S.C. § 2000e, et seq.)("Title VII"), and the Pennsylvania Human Relations Act (43 P.S. § 951 et seq.)("PHRA").

2. Defendant, MCD Pizza, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4229 N. Broad Street, Philadelphia, PA 19140.

    2.1. Defendant MCD Pizza, Inc. does business, and at all times relevant has done business at 4229 N. Broad Street, Philadelphia, PA as Domino's Pizza.

    2.2. Defendant MCD Pizza, Inc.'s registered office is located at 716 South Street, Philadelphia PA 19147.

    2.3. At all times relevant, Defendant Defendant MCD Pizza, Inc. acted by and through its agents, servants and employees, who were acting within the scope of their employment.

3. Defendant, Domino's Pizza is a person or entity operating a business at 4229 N. Broad Street, Philadelphia, PA.

    3.1. At all times relevant, Defendant Domino's Pizza acted by and through its agents, servants and employees, who

were acting within the scope of their employment.

4. Defendant Mark Coskun is an adult individual operating a business at 4229 N. Broad Street, Philadelphia, PA under the trade name Domino's Pizza.

> 4.1. On information and belief, at all times relevant, Defendant Mark Coskun was the owner and operator of a Domino's Pizza restaurant and franchise at 4229 N. Broad Street, Philadelphia, PA.
>
> 4.2 At all times relevant, Defendant Mark Coskun acted individually or by and through his agents, servants and employees, who were acting within the scope of their employment.

5. Defendant, Domino's Pizza, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan 48105.

> 5.1. Defendant Domino's Pizza, Inc. At all times relevant has done business under the name Domino's Pizza, Inc.
>
> 5.2. Defendant Domino's Pizza, Inc. has at all times relevant done business in the Eastern District of Pennsylvania.
>
> 5.3. At all times relevant, Defendant Domino's Pizza, Inc. acted by and through its agents, servants and employees, including, without limitation, Defendants

Domino's Pizza, Mark Coskun and MCD Pizza, Inc., who were acting within the scope of their agency or employment.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e, et seq. (as amended), 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

7. At all times relevant, Defendants were "employers" within the meaning of Title VII, and the PHRA.

8. Plaintiff has duly complied with the requirements of Title VII (as amended) and the PHRA, and has performed any and all conditions precedent to the maintenance of this action.

8.1. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2010, alleging discrimination against her on the basis of sex in violation of Title VII (Charge No. 530-2010-02805).

8.2. Plaintiff's charge was duly cross-filed with the Pennsylvania Human Relations Commission (Case No. 201002122)

8.3. Plaintiff received a Right to Sue letter from the EEOC dated August 6, 2014, and has filed this action within 90 days after receipt thereof.

8.4. A true and correct copy of the Right to Sue letter dated August 6, 2014 is attached hereto as Exhibit "A".

9. Venue is proper under 28 U.S.C. § 1391(b), in that i) the

Defendants own and operates a business within the Eastern District of Pennsylvania, ii) the events and/or omissions giving rise to Plaintiff's claims occurred within the Eastern District of Pennsylvania, and iii) the Plaintiff resides within the Eastern District of Pennsylvania.

10. This court has the power to hear the related PHRA claims under 28 U.S.C. § 1367, because the facts underlying the state law claims arise out of the same transaction and occurrence giving rise to the federal claims.

## FACTS OF THE CASE

11. Defendants are in the business of selling and delivering pizza and related foods.

12. On or about February 16, 2010 Plaintiff, Kalisha Owens-Presley, went to the Domino's Pizza at 4229 North Broad Street, Philadelphia, PA, to apply to a job as a part time delivery driver, having seen a sign posted on the front door stating "Drivers Wanted."

13. Plaintiff was at that time an experienced driver with a valid driver's license and a CDL Permit (commercial driver's license permit).

14. At that time Plaintiff also had approximately 1 year of experience driving a taxi cab in the same part of Philadelphia.

15. Plaintiff was seeking a second job to supplement her income.

16. Plaintiff spoke with a man who was identified as the owner

of the business, and inquired about the job, and he told Plaintiff that "he [the prospective driver] will have to come in with his license and car insurance, and speak to me," apparently assuming that Plaintiff was inquiring on behalf of a prospective male applicant.

17. When Plaintiff told him that the person he referred to as "he" was, in fact, she – that she was the one applying for the job, he told her "oh no no, I don't hire women here for drivers."

18. Plaintiff then spoke with a woman named Nyhema, who identified herself as the general manager, and she told Plaintiff that he [the owner] was not going to hire her as a driver because she is a woman.

19. Plaintiff returned to the store about 15 minutes later to order food and Nyhema again confirmed that Defendants would not hire women as delivery drivers.

20. On or about April 14, 2010 Plaintiff once again saw the "Drivers Wanted" sign posted on the front of Defendants' business location at 4229 North Broad Street, Philadelphia, PA, and again went in to apply for the position.

21. Once again, Plaintiff was told that they would not hire a woman for the position.

## CLAIMS FOR RELIEF

### Count I

### Discrimination

### (Title VII)

22. The averments of paragraphs 1 through 21 are incorporated herein by reference.

23. Plaintiff, Kalisha Owens-Presley, was denied employment because of her sex, and denied an equal employment opportunity because of her sex.

24. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment, on the basis of her sex, all in violation of 42 U.S.C. § 2000e-2(a)

25. As a result of the foregoing, Plaintiff has suffered damages including, without limitation, lost wages and benefits, pain, suffering, embarrassment, humiliation, fear, mental anguish, emotional distress, loss of self esteem, anxiety, depression, and financial hardship.

26. Defendant acted willfully, intentionally, maliciously and/or with reckless indifference to Plaintiff's rights in discriminating against her on the basis of her sex.

27. Defendant is liable to Plaintiff for any and all lost wages and benefits, compensatory damages, reasonable attorneys fees and

costs, punitive damages and such other relief as this Court deems just and appropriate.

WHEREFORE, Plaintiff, Kalisha Owens-Presley, respectfully demands Judgment in her favor and against Defendants, as follows:

    a.    Providing such relief as would place her in the position she would have been in absent Defendants' unlawful, discriminatory conduct, and making her whole;

    b.    Prohibiting Defendants from continuing to engage in discriminatory conduct in violation of Title VII;

    c.    Awarding Plaintiff back pay, front pay, overtime, other lost wages and benefits, and compensatory and punitive damages;

    d.    Awarding Plaintiff attorneys fees, costs, pre-judgment interest, and post judgment interest; and,

    e.    Awarding such other legal and/or equitable relief as this Court deems just and appropriate.

## Count II

### Discrimination

### (PHRA)

28. Plaintiff incorporates herein by reference all of the allegations set forth in paragraphs 1 through 27 above.

29. At all times relevant, Defendants were "employers" within the meaning of 43 Pa.C.S.A. § 951, et seq.

30. Plaintiff, Kalisha Owens-Presley, was denied employment because of her sex, and denied an equal employment opportunity because of her sex.

31. Defendants discriminated against Plaintiff with respect to the terms, conditions and privileges of employment on the basis of her sex in violation of the Pennsylvania Human Relations Act.

32. As a result of Defendant's conduct, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, pre and post judgment interest and costs.

WHEREFORE, Plaintiff, Kalisha Owens-Presley, respectfully demands Judgment in her favor and against Defendants, as follows:

1. Providing such relief as would place her in the position he would have been in absent Defendants' unlawful, discriminatory conduct, and making her whole;

2. Prohibiting Defendants from continuing to engage in discriminatory conduct in violation of the PHRA;

3. Awarding Plaintiff back pay, front pay, overtime, other lost wages and benefits, and compensatory damages;

4. Awarding Plaintiff attorneys fees, costs, pre-judgment interest, and post judgment interest; and,

5. Awarding such other legal and/or equitable relief as this Court deems just and appropriate.

HIRSCH & HIRSCH

Date: 10-17-2014  By: _____
Joseph A. Hirsch, Esquire
Attorney Id. #66640
1 Belmont Avenue
8th Floor, Suite 8001
Bala Cynwyd, PA 19004
Tel. (610) 645-9222
Fax: (610) 645-9223

# VERIFICATION

I, _Kalesha Owens Pressley_, hereby verify that I am the Plaintiff in this action, and that the facts contained in the foregoing pleading are true and correct to the best of my knowledge, information, and belief.

This statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_KOP_

Date: _10/17/14_

EXHIBIT A

EEOC Form 161-A (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
(CONCILIATION FAILURE)

| | |
|---|---|
| To: Kalisha Owens<br>6415 Old York Road<br>Philadelphia, PA 19120 | From: Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2010-02805 | Legal Unit | (215) 440-2828 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_                                                                    9/6/14

Enclosures(s)

Spencer H. Lewis, Jr.                                           (Date Mailed)
District Director

cc: Murat (Mark) Coskun
Proprietor
DOMINO'S PIZZA
3400 Aramingo Avenue
Philadelphia, PA 19134

Joseph A. Hirsch, Esq.
HIRSCH & HIRSCH
117 Forrest Avenue
Suite 202
Narberth, PA 19072