### IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KALISHA OWENS-PRESLEY** | |
| Plaintiff, | CIVIL ACTION - LAW |
| v. | |
| **MCD PIZZA, INC. d/b/a DOMINO'S PIZZA, et al** | No. 14-CV-6002 |
| **Defendants** | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COSKUN'S MOTION TO DISMISS

**I.      STATEMENT OF THE CASE**

    **A.      INTRODUCTION**

Plaintiff, Kalisha Owens-Presley, filed this action alleging wrongful failure to hire on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964 (as amended)(42 U.S.C. § 2000e, et seq.)("Title VII"), and the Pennsylvania Human Relations Act (43 P.S. § 951 et seq.)("PHRA"). Plaintiff is seeking damages and injunctive relief.

Defendant Domino's Pizza, Inc., one of the named defendants, has filed a Motion to Dismiss the claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**B.     FACTS**

On or about February 16, 2010 Plaintiff, Kalisha Owens-Presley, went to the Domino's Pizza at 4229 North Broad Street, Philadelphia, PA, to apply to a job as a part time delivery driver, having seen a sign posted on the front door stating "Drivers Wanted." 1ST Am. Complaint ¶13.  Plaintiff was at that time an experienced driver with a valid driver's license and a CDL Permit (commercial driver's license permit). 1ST Am. Complaint ¶14.  At that time Plaintiff also had approximately 1 year of experience driving a taxi cab in the same part of Philadelphia. 1ST Am. Complaint ¶15.  Plaintiff was seeking a second job to supplement her income. 1ST Am. Complaint ¶16.

When Plaintiff entered the subject Domino's Pizza establishment, she spoke with a man who was identified as the owner of the business. 1ST Am. Complaint ¶17.  She inquired about the job, and he told Plaintiff that "he [the prospective driver] will have to come in with his license and car insurance, and speak to me," apparently assuming that Plaintiff was inquiring on behalf of a prospective male applicant. 1ST Am. Complaint ¶17. When Plaintiff told the man identified as the owner that the person he referred to as "he" was, in fact, she -  that she was the one applying for the job - he told her "oh no no, I don't hire women here for drivers." 1ST Am. Complaint ¶18.  Plaintiff then spoke with a woman named Nyhema, who identified herself as the general manager, and she told Plaintiff that he [the owner] was not going to hire her as a driver because she is a woman. 1ST Am. Complaint ¶19.  Plaintiff returned to the store about 15 minutes later to order food and Nyhema again confirmed that Defendants would not hire women as delivery drivers. 1ST Am. Complaint ¶20.

On or about April 14, 2010 Plaintiff once again saw the "Drivers Wanted" sign

posted on the front of Defendants' business location at 4229 North Broad Street, Philadelphia, PA, and again went in to apply for the position. 1ST Am. Complaint ¶21. Once again, Plaintiff was told that they would not hire a woman for the position. 1ST Am. Complaint ¶22.

### C.  THE CHARGE OF DISCRIMINATION

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2010, alleging discrimination against her on the basis of sex in violation of Title VII (Charge No. 530-2010-02805). 1ST Am. Complaint ¶9.  Plaintiff's charge was duly cross-filed with the Pennsylvania Human Relations Commission (Case No. 201002122). 1ST Am. Complaint ¶9.  Plaintiff received a Right to Sue letter from the EEOC dated August 6, 2014, and has filed this action within 90 days after receipt thereof. 1ST Am. Complaint ¶9, and Exhibit A to Complaint.

In her Charge of Discrimination, Plaintiff identified the Respondent as "Dominoes Pizza" and as "Domino's Pizza" and provided the correct address of the subject establishment. Defendant's Motion to Dismiss, Exh. A.  At the time Plaintiff filed her Charge of Discrimination with the EEOC, Plaintiff knew only that the business establishment where she attempted to apply for a job operated under the familiar trade name of Domino's Pizza, but the identity of the person or entity that operated that establishment was not otherwise readily apparent or posted in a conspicuous fashion at the establishment for members of the public to see. *See* 1ST Am. Complaint ¶6.6.[1]

---

[1] A search of fictitious name registrations on the Pennsylvania Department of State website prior to filing this action revealed approximately 60 registrations filed for persons or entities doing business under the name Domino's Pizza in Pennsylvania, however, none of the fictitious name registrations appeared to be associated with the address of the establishment where Plaintiff attempted to apply for a job.

3

### D. DEFENDANT DOMINO'S PIZZA, INC.

In the First Amended Complaint, based on the best information available to Plaintiff, Plaintiff named four (4) parties defendant in this matter, alleging that they jointly or alternatively operate the Domino's Pizza establishment where Plaintiff sought employment.

Defendant Domino's Pizza, Inc. does business under the name "Domino's Pizza." 1st Am. Complaint ¶ 6.1. To the appearance of Plaintiff and to any members of the public entering or passing by the subject food establishment, it was owned and operated by Domino's Pizza, which is a trade name used by Defendant Domino's Pizza, Inc. 1st Am. Complaint ¶ 6.6.[2]

Plaintiff has specifically alleged that Defendant Domino's Pizza, Inc. was the owner/operator of the Domino's Pizza establishment located at 4229 N. Broad Street, Philadelphia, PA, and as such, exercised control over establishment as its owner. 1st Am. Complaint ¶ 6.5.

Plaintiff has also pleaded in the alternative that Defendant Domino's Pizza, Inc. was the Franchisor of the subject Domino's Pizza establishment, and exercised control over it on that basis. 1st Am. Complaint ¶ 6.5.

Based on these alternative facts, Plaintiff has pleaded in the alternative that Defendant Domino's Pizza, Inc. was the employer at the subject Domino's Pizza location, or that it was a joint employer, and that the discriminatory employment

---

There appears to be no fictitious name registration on file with the PA Department of State for MCD Pizza, Inc.'s use of the fictitious name "Domino's Pizza," although Defendant Domino's Pizza, Inc. asserts that is the entity that operates the subject Domino's Pizza establishment. Defendant's Motion to Dismiss ¶13.

[2] The ambiguity and lack of certainty as to who is actually doing business at the subject Domino's Pizza location is a circumstance created by the parties who operate the business by, inter alia, failing to publicize this information, and by the apparent failure to register the use of the fictitious name under Pennsylvania's Fictitious Names Act. 54 Pa.C.S.A. 301, et seq. It is expected that this ambiguity will be clarified in the discovery process.

4

practices at issue in this complaint were carried out with actual or apparent authority of Domino's Pizza, Inc. 1st Am. Complaint ¶¶ 6.7, 6.8. At all times relevant, Defendant Domino's Pizza, Inc. acted by and through its agents, servants and employees, including, without limitation, Defendants Domino's Pizza, Mark Coskun and MCD Pizza, Inc., who were acting within the scope of their agency or employment. 1st Am. Complaint ¶6.3.

## II. ARGUMENT

### A. STANDARD OF REVIEW.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, " [t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir.1989).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir.2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic v. Twombly, 550 U.S. at 570, 127 S.Ct. 1955, 167

L.Ed.2d 929, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955, 167 L.Ed.2d 929).  In other words, dismissal is only appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir.2000). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. at 678, 129 S.Ct. 1937, 173 L.Ed.2d 868. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868.

When considering a Rule 12(b)(6) motion, the question is not whether the plaintiff will ultimately prevail; instead, it is whether the plaintiff can prove any set of facts consistent with the averments of the complaint which would show the plaintiff is entitled to relief. Jordan v. Fox. Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994).  The party moving for dismissal under Rule 12(b)(6) has the burden of proving that no claim has been stated.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.) Cert. Denied 501 U.S. 1222 (1991)(movant has burden of persuasion).

In evaluating a motion under Rule 12(b)(6) the Court must also be mindful of the "liberal notice pleading" standards established under Rule 8(a) of the Federal Rules, which were adopted to focus litigation on the merits of claims rather than on technical

6

pleading requirements. *See* Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 999 (2002)(liberal notice pleading of Rule 8(a) adopted to focus litigation on merits of claim); Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99 (1957)("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). The Federal Rules rely on "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 998 (2002). Detailed factual allegations are not required. Twombly, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. Id. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausability." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir.2012).

The Supreme Court has held that "the Federal Rules do not contain a heightened pleading standard for employment discrimination suits" and that "an employment discrimination plaintiff need not plead a prima facie case of discrimination." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 515 (2002). Rule 8 of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim. Fed.R.Civ.P. 8.

In deciding a motion to dismiss, the Court should consider the complaint, exhibits attached to the complaint, and matters of public record. Mayer v. Belichick, 605 F.3d

223, 230 (3d Cir.2010). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993).

### B.  PLAINTIFF HAS STATED A CLAIM AGAINST DEFENDANT DOMINO'S PIZZA, INC.

In her First Amended Complaint, Plaintiff has pleaded the fact that Defendant Domino's Pizza, Inc. was the owner/operator of the subject food establishment, and was thus the prospective employer. 1st Am. Complaint ¶ 6.5.  Plaintiff further describes in detail the discriminatory acts of the persons staffing the Domino's Pizza facility in denying her an equal employment opportunity because of her sex, and the Plaintiff's Complaint specifically alleges that Defendant Domino's Pizza, Inc. acted by and through its agents and employees.  1st Am. Complaint ¶ 6.3.  Since these facts are well pleaded in the Complaint, they must be accepted as true for purposes of Defendant's motion. Accordingly, Plaintiff has properly pleaded a cause of action against Defendant Domino's Pizza, Inc.

Defendant Domino's Pizza, Inc.'s Motion is, in part, based on the erroneous assertion that no employment relationship has been pleaded.  This assertion ignores the fact that Plaintiff has specifically pleaded that Domino's Pizza, Inc. is, itself, the owner/operator of the business, which means that Domino's Pizza, Inc. itself was the alleged employer.

As stated above, at the time that Plaintiff filed her Charge, all plaintiff knew was that she was attempting to apply for a job at a business called Domino's Pizza because that is what it says on the sign on the building and on the menus and uniforms. Plaintiff never saw a paycheck (which might have revealed the identity of the party issuing the payroll checks), never saw the employee handbook or manual or policies, and never received new employee orientation or training because she was never hired, and was, in fact, denied the opportunity to apply because she was explicitly told that women would not be hired for the job. As a practical matter, Plaintiff had no way of definitively knowing who owned or operated the subject business, whether it was owned by Domino's Pizza, Inc. directly, whether Domino's Pizza, Inc. had some sort of partnership with a local business, whether it was the landlord or franchisor, who employed the personnel, who dictated personnel policies, and what the relationship was between any of the various parties who may operate the subject establishment. Plaintiff is not able to plead such facts, in large part, because she was never hired for the job as a result of the alleged unlawful discrimination. Defendant Domino's Pizza, Inc. would rather that this Court assume the truth of its assertion that it does not own the subject establishment and is not the employer, but this is contrary to the facts as alleged in the First Amended Complaint, which must be accepted as true for purposes of this Motion. At this stage of the proceedings, before discovery has yielded any additional evidence, it is not clear what additional facts will be adduced as to who owns the franchise, who owns the physical assets, and who operates the food establishment, so a decision based on a factual finding contrary to the well pleaded facts in the Complaint would be inappropriate.

Accordingly, Plaintiff has stated a claim against Domino's Pizza, Inc. and Defendant's Motion should be denied.

### C. PLAINTIFF HAS EXHAUSTED HER ADMINISTRATIVE REMEDIES AGAINST DEFENDANT DOMINO'S PIZZA, INC.

"Before filing suit under the PHRA [or Title VII], a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the Pennsylvania Human Relations Commission ("PHRC") or EEOC." Hills v. Borough of Colwyn, 978 F.Supp.2d 469 (E.D.PA 2013); Kunwar v. Simco, 135 F.Supp.2d 649, 653 (E.D.Pa.2001); 43 Pa. Stat. Ann. § 962). "The purpose of requiring an aggrieved party to resort first to the EEOC is twofold: to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir.1987) (citations omitted).

Under Title VII and the applicable EEOC regulations, to file a charge, a party need only file a verified statement "sufficiently precise to identify the parties and to describe *generally* the action or practices complained of." 29 C.F.R. §1601.12(b)(emphasis added).[3] An EEOC charge is not the equivalent of a judicial complaint filed in court. EEOC v. Shell Oil Co., 466 U.S. 54, 104 S.Ct. 1621 (1984). The function of a Charge of Discrimination is to place the EEOC on notice that someone, either the charging party or a Commissioner, believes that the employer has violated Title

---

[3] 42 U.S.C. 2000e-5 provides in relevant part: "Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires."

10

VII. Id.  The principal objective of the notice requirements of Title VII is to provide employers fair notice that accusations of discrimination have been made against them and they can expect an EEOC investigation. Id.  EEOC charges should be liberally construed. Bey v. Schneider Sheet Metal, Inc., 596 F.Supp. 319 (W.D.Pa. 1984).

While administrative requirements are designed to ensure that both plaintiff and defendant in an employment discrimination case attempt to resolve disputes through informal reconciliation, ultimately it is the plaintiff's filing of the EEOC charge and the plaintiff's receipt of notice of right to sue that are required before the plaintiff can file suit. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir.2001) ("A complainant may not bring a Title VII suit without having first received a right-to-sue letter.").

Typically, where a plaintiff fails to name a defendant in his or her administrative charge he or she is precluded from later bringing an action against that defendant in court. *See* Schafer v. Bd. of Pub. Educ., 903 F.2d 243, 251 (3d Cir.1990).   However, a defendant who is named in, but not served with, a plaintiff's EEOC charge may nonetheless be properly sued. DeLaCruz v. Piccari Press, 521 F.Supp.2d at 424, 431–32 (allowing suit against party that did not receive notice of the EEOC charge but that was named); see also Evans v. Maax–KSD Corp., No. 06–2804, 2006 WL 3488708 at (E.D.Pa. Nov.30, 2006) (acknowledging that defendant never received notice of plaintiff's EEOC charge and finding that, because plaintiff satisfied the jurisdictional prerequisites of filing a charge of discrimination and receiving a notice of right to sue, the court had jurisdiction over his discrimination claim); Rickard v. The Lion Brewery, Inc., No. 07–CV–984, 2007 WL 3492714 at *7 (M.D.Pa. Nov. 13, 2007) (same).

Defendant argues that it was not named in the Charge of Discrimination, and therefore Plaintiff has failed to exhaust her administrative remedies. This argument is without merit and must fail. In fact, Plaintiff's charge alleged that the employer was Domino's Pizza. As stated above, the Plaintiff has specifically alleged in the First Amended Complaint that Defendant Domino's Pizza, Inc. does business under the trade name "Domino's Pizza." Accordingly, the facts, as pleaded, establish that Domino's Pizza, Inc. was properly named.[4] The First Amended Complaint also specifically alleges that the Domino's Pizza establishment in question was owned and operated by Defendant Domino's Pizza, Inc. Thus, the facts pleaded in the Complaint and the inferences to be reasonably drawn from those facts establish, for purposes of this Motion that Defendant Domino's Pizza, Inc. was named in the Charge and received notice of the EEOC investigation.[5] Accordingly, and the Plaintiff has exhausted her administrative remedies against Defendant Domino's Pizza, Inc., and Defendant's Motion should be denied.

Defendant contends that even though the Charge of Discrimination filed with the EEOC identifies "Domino's Pizza" as the respondent, since it was not named under its proper corporate name "Domino's Pizza, Inc." it was somehow not properly named as a party and that therefore Plaintiff has not exhausted her administrative remedies against it. The Pennsylvania Fictitious Names Act makes it clear that a corporate entity may, itself, be sued where it has done business under a fictitious name, that it may bring suit to enforce contracts entered into under a fictitious name, that the rights and liabilities

---

[4] Defendant Domino's Pizza, Inc. does not appear to deny that it is also known as and does business under the trade name "Domino's Pizza."

[5] At this time it is unknown what additional facts will be established through the discovery process regarding the extent to which Domino's Pizza, Inc. received actual notice, however, for purposes of this Motion, it is not appropriate to assume that Defendant Domino's Pizza, Inc. "did not have knowledge that it had an opportunity to conciliate," as Defendant asserts.

incurred under the fictitious name are the rights and liabilities of the corporate entity, and the corporate entity bears responsibility for actions taken when doing business under a fictitious name. Imperial Cas. and Indem. Co. v. High Concrete Structures, Inc., 678 F.Supp. 1138, 1141-42, reversed on other grounds, 858 F.2d 128 (3d Cir. 1988); 54 Pa.C.S.A. 301, et seq. Thus, by naming Domino's Pizza, Inc. under its fictitious name, "Domino's Pizza," Plaintiff properly named Defendant in the Charge of Discrimination.

Accordingly, Plaintiff has exhausted her administrative remedies against Defendant Domino's Pizza, Inc., and Defendant's Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion should be denied.

HIRSCH & HIRSCH

Date: February 3, 2015    By:    /s/ *Joseph A. Hirsch*
                                 Joseph A. Hirsch, Esquire
                                 Attorney Id. #66640
                                 1 Belmont Avenue
                                 8th Floor, Suite 8001
                                 Bala Cynwyd, PA 19004
                                 Tel. (610)645-9222
                                 Fax: (610) 645-9223