IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KALISHA OWENS-PRESLEY,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| v. | |
| **MCD PIZZA, INC., DOMINO'S PIZZA, MARK COSKUN and DOMINO'S PIZZA, INC.,** | **NO. 14-6002** |
| **Defendants.** | |

### MEMORANDUM OPINION

Two of the Defendants in this case, Mark Coskun and Domino's Pizza, Inc. ("Domino's Inc.") have each filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons that follows, Domino Inc.'s motion to dismiss is denied and Mark Coskun's is granted.

Plaintiff's complaint alleges wrongful failure to hire on the basis of her sex in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. She alleges that she applied for a job as a part time delivery driver at a Domino's Pizza on North Broad Street in Philadelphia after she saw a sign posted on the door stating "Driver's Wanted." ECF No.7 ¶ 2. Although qualified (she was an experienced driver with a valid driver's license and commercial driver's permit, *id.* ¶ 14) when she inquired about the job she was told by the owner that "I don't hire women here for drivers." *Id.* ¶ 18. The general manager confirmed that women were not hired as delivery drivers. *Id.* ¶ 19.

Two months later, when plaintiff went in for a second time to apply for the advertised position, she was again told that the business would not hire a woman as a driver. *Id.* ¶¶ 21-22.

**Domino's Pizza, Inc. Motion to Dismiss**

Defendant Domino's Inc. seeks to dismiss the complaint because it contends: (1) there are no factual allegations that it is an employer at the Philadelphia Broad Street location or that it took any discriminatory action at all; and (2) plaintiff has failed to exhaust her administrative remedies because she failed to name Domino's Inc. as a defendant in her administrative charge. ECF No. 10 at 4, 11-12.

With respect to its argument that it is not an employer at the Philadelphia Broad Street location, Domino's Inc. (a corporate entity and not a Domino's Pizza storefront operation) states that there are no factual allegations that it has day to day control over the Broad Street operation or that it was the employer at that location. *Id.* at 4, 6. The test for whether Domino's, Inc. is an employer for Title VII purposes requires a careful factual inquiry into the functional relationship between the Domino's Pizza franchise on Broad Street and Domino's Inc. *See Graves v. Lowery*, 117 F.3d 723, 729 (3d Cir. 1997); *Myers v. Garfield & Johnson*, 679 F. Supp.2d 598, 606 (E.D. Pa. 2010) (citing *Clackamas Gastroenterology Assocs. v. Wells*, 538 U.S. 440, 450 (2003)). "The employer is generally the entity that 'owns and manages the enterprise,' decides whether to hire and fire employees, 'assign[s] tasks to employees and supervise[s] their performance,' and decides how profits and losses are to be distributed." *Id.* (quoting *Clackamas*, 538 U.S. at 450). This Court finds that in this case where the allegations are that Domino's Inc. has done business under the name "Domino's Pizza" (ECF No. 7 ¶ 6.1), that Domino's Inc. is the owner of the Domino's location at issue and that it exercised control over the location, including its management, operations and policies (*id.* ¶ 6.5, 6.8), that Domino's Inc. acted through its agents and employees, including defendants MCD Pizza, Inc. and Mark Coskun, who acted within the scope of their agency or employment with Domino's (*id.* ¶¶ 6.4, 6.6.), that Domino's

2

Inc. authorized the use of its trade name at the location, including on the signs, menus and uniforms (*id*. ¶ 6.3), and that Domino's Inc. was the joint-employer of the employees at the location (*id*. ¶ 6.7), such allegations, taken as true, are sufficient to state a plausible basis for Domino's Inc.'s liability.  *See Concha v. Perfecseal, Inc.*, No. 13-5709, 2014 WL 4634965, at *2 (E.D. Pa. Sept. 15, 2014) (holding control of agents sufficient to survive dismissal); *DeLa Cruz v. Piccari Press*, 521 F. Supp.2d 424, 429-31 (2007) (same); *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 134-35 (D.N.J. 2000) (same).  *See also Myers*, 679 F. Supp. at 607-15 (discussing potential liability based on employer status under joint employer, singular employer, agency and apparent authority theories).  Plaintiff's discovery will no doubt provide her with more specific information concerning the relationship between Domino's Inc. and the Broad Street store, information that she could not have obtained from her brief interaction with the owner and manager at the store at the time she applied for a job.  *See Alexander v. Local 496, Laborers' Int'l Union of North America*, 177 F.3d 394, 412 (6th Cir. 1999) ("one could hardly expect those excluded from union membership to understand the relationship between international and local unions").

     Domino Inc.'s contention that it should be dismissed from the complaint because it was not named in the administrative charge must also fail.  The purpose of the naming requirement is to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation."  *Glus v. G. C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977), *vacated on other grounds sub nom, Retail, Wholesale & Dept. Store Union v. G.C. Murphy Co.*, 451 U.S. 935 (1981).  There is, however, an exception to the naming requirement "when demanding full and technical compliance would have no relation to the purposes for requiring those procedures in the first instance."  *Id.  See also Schafer v. Bd. of Educ. of the Sch. Dist. of Pittsburgh,* 903

F.2d 245, 251-52 (3d Cir. 1990) (recognizing an exception to the naming requirement "when the unnamed party received notice and when there is a shared commonality of interest with the named party"). Whether Domino's Inc. received notice of the administrative charge and the nature of its relationship with The Broad Street operation are matters to be explored in discovery.

This Court rejects Domino's Inc.'s contention that the exception to the naming requirement set out in *Glus and Schafer* only applies when the plaintiff was unrepresented during the administrative proceeding. *See* ECF No. 10, Exhibit B. Domino's Inc. has cited to no precedential authority that makes this a distinction with a difference. In fact, to impose such a threshold requirement of non-representation would, arguably, undermine "the entire point of the *Glus* exception [which] is to permit suits to go forward where, despite the plaintiff's failure to name the defendant in the charges, the purposes of the named-party requirement have nonetheless been met." *EEOC v. Simbaki, Ltd.* 767 F.3d 475, 484 (5th Cir. 2014) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 905-06 (7th Cir. 1981); *Glus*, 562 F.2d at 888).

Application of the *Glus* factors to the affirmative defense of failure to exhaust administrative remedies is a fact-intensive analysis which this Court will not engage in prior to discovery. *See, e.g. Hrosik v. Latrobe Steel Co.*, No. 94-1361, 1995 WL 456212, at *2-3 & n.4 (W.D. Pa. April 25, 1995). Accordingly, Domino's Inc.'s Motion to Dismiss the Complaint shall be denied.

**Mark Coskun Motion to Dismiss**

Defendant Mark Coskun's Motion to Dismiss contends that he should be dismissed from the complaint because individuals cannot be held liable under Title VII.  He is correct.  Plaintiff alleges that defendant Coskun was the owner and operator of the store, ECF No.7 ¶ 4.1, or, in the alternative, that Coskun is "the principal shareholder and President or CEO of Defendant MCD Pizza, Inc., which owns and operates" the Domino's location in question.  *Id.*  Even taking this allegation as true, it does not save Plaintiff's claim against Coskun.  Title VII imposes liability upon employers and not individuals.  *Sheridan v. E.I. DuPont de Nemours & Co.* 100 F.3d 1061, 1077 (3d Cir. 1996); *accord Emerson v. Thiel College*, 296 F.3d 184, 186 (3d Cir. 2002); *Dici v. Com. of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996).  It excludes from liability employers of less than fifteen employees.  42 U.S.C. § 2000e(b).  Congress imposed this limitation out of concern about the impact of Title VII litigation on small businesses.  *Sheridan*, 100 F.3d at 1077-78.  Courts have concluded that concern applies even more so to individuals.  *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995).  The allegation that Coskun is either the owner of the store in question or the principal shareholder of its corporate owner does not change the analysis.  Numerous courts in the Third Circuit have applied *Sheridan* to cases in which the individual defendant is the owner of the employer at issue in the litigation.  *Mann v. Estate of Myers*, No. 11-1679, 2014 WL 6629667, at *14-15 (D.N.J. Nov. 21, 2014); *Graudins v. Retro Fitness, LLC*, 921 F. Supp.2d 456, 462 (E.D. Pa. 2013); *Farzan v. United Parcel Serv.*, No. 10-1417, 2011 WL 3510860, at *3 (D.N.J. Aug. 8, 2011); *Matheson v. Virgin Islands Cmty. Bank*, 297 F. Supp.2d 819, 832 (D.V.I. 2003); *Larmore v. RCP/JAS, Inc.*, No. 97-5330, 1998 WL 372647, at *2 (E.D. Pa. May 19, 1998); *Milliner v. Enck*, No. 98-CV-467, 1998 WL 303725, at

1-2 (E.D. Pa. May 7, 1998).  Accordingly, Coskun is not subject to liability under Title VII in his individual capacity, and the Title VII claim against him will be dismissed.

Plaintiff's motion to dismiss the claims against Coskun under the PHRA, 43 P.S. § 955(e), for aiding and abetting discriminatory conduct, however, requires a different analysis.  Unlike Title VII, the PHRA imposes liability for aiding and abetting an employer in committing unlawful discriminatory conduct.  43 P.S. § 955(e).  A supervisory employee who aids and abets the commission of such action is subject to individual liability.  *Dici v. Pennsylvania*, 91 F.3d 542, 553 (3d Cir. 1996); *Glickstein v. Neshaminy Sch. Dist.*, No. 96-6236, 1997 WL 660636, at *11-12 (Oct. 22, 1997).  Plaintiff has alleged that Coskun was the "operator" of the Broad Street location, ECF No. 7 ¶ 4.1, that he "exercised control over the management, operations and policies" of that location, *id.* ¶ 5.2.6, and that he established discriminatory policies at the location.  *Id.* ¶ 5.1.  She also has alleged that he was the principal shareholder and President or CEO of the store's owner, MCD, Pizza, Inc.  *Id.* ¶ 5.  These allegations are sufficient to state a claim for potential aiding and abetting liability.  *See, e.g.*, *Frey Robinson Alarm Co.*, No. 97-0603, 1998 WL 57519, at *2-3 (E.D. Pa. Feb. 11, 1998) (holding individual who was owner and president potentially liable).  Coskun's motion, therefore, will be denied as to the PHRA claim.

Dated:  February 10, 2015

BY THE COURT:

/s/ Wendy Beetlestone
_____
**WENDY BEETLESTONE, J.**