IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KALISHA OWENS-PRESLEY,**<br>        **Plaintiff,**<br><br>    v.<br><br>**MCD PIZZA, INC. d/b/a DOMINO'S PIZZA, DOMINO'S PIZZA, MARK COSKUN d/b/a DOMINO'S PIZZA, and DOMINO'S PIZZA, INC.,**<br>        **Defendants.** | CIVIL ACTION<br><br>NO.  14-6002 |

## <u>OPINION</u>

Plaintiff Kalisha Owens-Presley has brought this employment discrimination case against Defendants MCD Pizza, Inc. ("MCD"); its owner, Mark Coskun; and the parent corporation, Domino's Pizza, Inc. ("DPI").  She alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et seq.*, based on a wrongful failure to hire on the basis of sex.  Before the Court is the motion for partial summary judgment filed by Defendants DPI and Coskun, in which DPI contends that Owens-Presley failed to exhaust her administrative remedies against it before filing this suit and in which Coskun contends that there is no evidence that he aided and abetted a violation of the PHRA.  For the reasons that follow, the motion will be granted as to DPI and denied as to Coskun.

I.    BACKGROUND

   A.    *Factual History*

Owens-Presley's employment discrimination claims arise from her attempts to apply for a position as a driver at a Domino's franchise store located at 4229 North Broad Street in

Philadelphia, Pennsylvania (the "Store"), on February 16 and April 14, 2010.  Joint Appendix ("J.A.") 7-8.  The Store is solely owned and operated by Defendant MCD Pizza, Inc. ("MCD").  J.A. 55.  The President and sole shareholder of MCD is Defendant Mark Coskun, a Turkish male.  J.A. 30-31, 35-36.  On December 20, 2008, MCD entered a Franchise Agreement with Domino's Pizza Franchising, LLC, a subsidiary of Defendant Domino's Pizza, Inc. ("DPI").  J.A. 153, 430.  DPI is the parent company of Domino's Pizza Franchising LLC, which is MCD's franchisor.  J.A. 153.  Neither DPI nor any of its employees own any interest in MCD or the Store.  J.A. 385.

The Franchise Agreement allows MCD to "conduct business under a uniform business format, with specially designed equipment, computer hardware and software designed by [Domino's Pizza Franchising LLC] and specifications for the preparation and sale of pizza and certain authorized food products ('Domino's System')."  J.A. 393.  The Franchise Agreement licensed the right to use the Domino's System as well as the associated trademarks, service marks, and commercial symbols, including "Domino's Pizza."  *Id.*  Neither DPI nor any of its subsidiaries owns or holds a lease on the real property at 4229 North Broad Street, nor do they have any role in negotiating any lease between MCD and its landlord.  J.A. 153-54.

Owens-Presley asserts that she was denied employment and denied an opportunity for employment on the basis of her sex because she was told that the Store was not hiring female drivers.  J.A. 7-8.  Although the parties disagree over the specifics of the interactions between Owens-Presley and the employees at the Store, they agree that she attempted to apply and was rejected in February and April 2010.  Defs.' Statement of Material Facts ¶ 1; Pl.'s Statement of Disputed Material Facts ¶ 1.

Owens-Presley called the EEOC to complain about her experience in the store, and, after retaining counsel, filed a Charge of Discrimination in July 2010, alleging discrimination on the basis of sex in violation of Title VII.  J.A. 358, 367-83.  In the Charge, she states:

> On February 16, 2010 I went to Domino's Pizza at Broad Street and Hunting Park Avenue, to apply for a job as a part time delivery driver.  There was a sign on the front door of the store stating "Drivers Wanted." . . .
>
> When I spoke to a man whom I was told was the owner (Caucasian male approx. mid 50s), and inquired about the job, he told me that "he [the prospective driver] will have to come in with his license and car insurance and speak to me."  When I told him that "he" is me, that I was the one applying for the job, he told me "oh no no, I don't hire women here for drivers."  I then spoke to a woman named Nyhema, who identified herself as the general manager, and she told me that he was not going to hire me as a driver because I am a woman.  I returned to the store about 15 minutes later to order food and Nyhema again confirmed that they would not hire women as delivery drivers.
>
> I saw the "Drivers Wanted" sign posted again on April 14th 2010 and again went in to apply for the position and was told again that they would not hire a woman for the position.

J.A. 368 (all errors [sic]).  She did not list the name of the owner of the Store on the Charge, and although she returned to the Store on multiple occasions and obtained the names of two employees who she claims refused to accept her application, she did not ask for the name of the owner.  J.A. 364-65.  She was aware at the time that the Store operated under the trade name "Domino's Pizza."  J.A. 365.  DPI denied in its Answer that it does business under the trade name "Domino's Pizza" because it has a complicated corporate structure, and technically its subsidiary, Domino's Pizza, LLC, operates stores under that name.  J.A. 161.

The Domino's Pizza website prominently displays the Domino's logo and Domino's Pizza name, and the "Terms of Use" under the site's "Legal" section state that the names "Domino's" or "Domino's Pizza" as used on the website refer to DPI and its affiliates.  Supp. App'x 3-20.  DPI's filings with the SEC are available through the Domino's Pizza website under the "Investor Relations" tab, and in its SEC filings, DPI refers to itself as "Domino's Pizza" and

3

"Domino's" and thus also uses and does business under the "Domino's Pizza" name for purposes of soliciting investors. Supp. App'x 34. The Franchise Agreement requires a franchisee to have a large Domino's Pizza sign outside the store and to have the Domino's Pizza name displayed on its pizza boxes and employee uniforms. J.A. 161-62. Franchisees are required under the Franchise Agreement to identify themselves as business owners, but DPI's corporate designee testified at deposition that he was not aware whether this was done at the Store and that it was possible that there was no signage identifying the franchisee at the Store. J.A. 162. The Defendants contend that it is possible that there was signage identifying the franchisee at the store, in addition to the advertisements. J.A. 240, 384. And prior to filing the Charge, Owens-Presley was in possession of a menu from the Store containing a banner stating that the business is "Locally Owned & Operated." J.A. 240, 384. However, the menu does not state who owns or operates the store and does not state what "locally owned" means. Pl.'s Statement of Disputed Material Facts ¶ 76.

Coskun was identified as the proprietor of the Store by the EEOC during the course of its investigation, and the EEOC sent him a copy of the Right to Sue letter. J.A. 14, 367-83. Pablo Marrero was the store manager of the Store and was the senior MCD employee there. J.A. 31, 255-56. Coskun had the highest degree of the authority at the Store, and it was his job to oversee and deal with all HR matters at MCD. J.A. 299-300, 32-33. Marrero had hiring and firing authority and was tasked with staffing the Store; he advertised to find employees for open jobs by, *inter alia*, posting signs on the window of the Store. J.A. 42-43, 280-81, 283-84.

B.  *Procedural History*

A Notice of Right to Sue was issued on August 6, 2014, to "Murat (Mark) Coskun" as "Proprietor," and was sent to Owens-Presley's counsel. J.A. 14. The Notice states "Conciliation

4

Failure" and provides that the EEOC "could not obtain a settlement with the Respondent that would provide relief to you." *Id.* DPI did not receive notice of the EEOC proceedings and only received notice of Owens-Presley's assertion of a claim in late October/early November 2014 when it was first served with the Summons and Complaint in this matter. J.A. 155.

Owens-Presley filed a Complaint on October 22, 2014, and an Amended Complaint on January 6, 2015. DPI and Coskun moved to dismiss the Amended Complaint on January 20, 2015. DPI argued that Owens-Presley: (1) failed to allege that it was an employer at the Store or that it took any discriminatory action at all; and (2) failed to exhaust her administrative remedies because she failed to name Domino's Inc. as a defendant in the administrative charge. *See Owens-Presley v. MCD Pizza, Inc.*, No. 14-6002, 2015 WL 569167, at *1-2 (E.D. Pa. Feb. 10, 2015). This Court denied the motion, holding, regarding the first argument, that Owens-Presley had stated sufficient facts to survive a *Twombly/Iqbal* challenge on the first argument and, regarding the second argument, that whether the naming requirement or an exception applies here would not be analyzed prior to discovery. *See id.*

Coskun argued that: (1) the Title VII claim against him should be dismissed because individuals cannot be held liable under Title VII; and (2) that Owens-Presley had not alleged sufficient facts to plausibly state a PHRA claim for aiding and abetting discriminatory conduct. *See id.* at *2-3. This Court dismissed the Title VII claim, but denied the motion to dismiss the PHRA claim, holding that Owens-Presley had advanced sufficient allegations to state a claim for aiding and abetting liability. *See id.*

Discovery has closed and DPI and Coskun have filed the instant motion for partial summary judgment. In it, DPI argues that it is entitled to summary judgment on all claims because Owens-Presley failed to exhaust her administrative remedies against it by not naming

5

DPI in the EEOC Charge of Discrimination and because it never exercised any control over the day-to-day employment activities of MCD.  Coskun seeks summary judgment on the individual PHRA claim filed against him because there is no evidence he aided or abetted any violation of the PHRA.

## II.     LEGAL STANDARD

Summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Alabama v. North Carolina*, 560 U.S. 330, 345 (2010) (citations and internal quotation marks omitted).  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52).  A fact is material if it might affect the outcome of the suit under the governing law.  *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006).  "The reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).  However, to prevail on a motion for summary judgment, "the non-moving party must present more than a mere scintilla of evidence; 'there must be evidence on which the jury could reasonably find for the [non-movant].'" *Jakimas v. Hoffmann-LaRoche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007) (alteration in original) (quoting *Anderson*, 477 U.S. at 252).

### III.   DISCUSSION

#### A.   *DPI's Motion*

DPI contends that this Court should grant summary judgment in its favor and dismiss it from the case because Owens-Presley failed to exhaust her administrative remedies as to it, arguing that it was not named as a party in Owens-Presley's Charge of Discrimination filed with the EEOC.  *See* Mot. at 6-14; Reply at 1-6.  Owens-Presley responds that because she named "Domino's Pizza" as the party respondent, and because DPI does business under the trade name "Domino's Pizza," DPI was identified with sufficient specificity in the Charge and she has therefore exhausted her administrative remedies against DPI.  *See* Opp'n at 14-23.

##### 1.   **The Named-Party Requirement**

"Before filing suit under the PHRA [or Title VII], a plaintiff must first exhaust all administrative remedies by filing a charge of discrimination (also referred to as an administrative complaint) with the Pennsylvania Human Relations Commission ("PHRC") or EEOC."  *Hills v. Borough of Colwyn*, 978 F. Supp. 2d 469 (E.D. Pa. 2013).  "A Title VII action ordinarily may be brought only against a party previously named in an EEOC action."[1]  *Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 251 (3d Cir. 1990) (citing 42 U.S.C. § 2000e-5-(f)(1)).  When applying this general rule, courts liberally construe Title VII's naming requirement so as to not frustrate claimants with needless procedural roadblocks.  *See, e.g.*, *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014); *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 456 (11th Cir. 2010); *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130, U.A.*, 654 F.2d 890, 905-06 (7th Cir. 1981); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1990).  Courts are to avoid "hypertechnical" readings of charges; for example, when the party named in the EEOC charge is legally identical to the party sued, courts permit the suit to proceed.  *Simbaki*, 767 F.3d at 481.

---

[1] The Third Circuit construes Title VII and the PHRA consistently.  *Scheidemantle*, 470 F.3d at 539 n.5.

At the outset, then, the Court must determine whether DPI was, in fact, "named" in Owens-Presley's Charge.  DPI's argument on this point is straightforward:  because the Charge did not name "Domino's Pizza, Inc.," but rather the trade name "Domino's Pizza," and listed the address of the Store on North Broad Street, it was not "named" in the Charge for the purposes of the exhaustion requirement.  *See* Mot. at 7.  Owens-Presley counters that because she named "Domino's Pizza" in the Charge; because DPI is known as and does business under the trade name "Domino's Pizza"; and because EEOC regulations require, in pertinent part, only that the charge be "sufficiently precise to identify the parties," 29 C.F.R. § 1601.12, "identifying the corporate entity by using the name it holds out to the public should be adequate."  Opp'n at 16.

There appears to be no Third Circuit authority directly on point regarding whether including a trade name in an EEOC charge fulfills the naming requirement vis-à-vis the parent or franchisor corporation.  The Court does, however, find that the Court of Appeals for the Fifth Circuit's decision in *EEOC v. Simbaki, Ltd.*, 767 F.3d 475 (5th Cir. 2014), is particularly instructive on the issue.  In *Simbaki*, the plaintiffs were two women who worked as bartenders at a franchise location of the Berryhill Baja Grill & Cantina, a chain of restaurants with locations in Texas and Mexico.  The franchise location at issue ("Berryhill Montrose") was located on Montrose Street in Houston, Texas, and owned and operated by the defendant Wattel.  After undergoing years of alleged sexual harassment at the hands of Wattel, the plaintiffs, represented by counsel, filed EEOC charges.  The plaintiffs' charges named "Berryhill Baja Grill" and listed the defendant's street address as Montrose Boulevard in Houston, and complained of unwelcome sexual conduct by Wattel, the "Owner."  The charges as filed by the plaintiffs did not discuss Berryhill's corporate parent, the defendant Berryhill Hot Tamales Corporation ("Berryhill Corporate").  Nevertheless, the EEOC twice served notice on Berryhill Corporate, in letters

8

addressed to its CEO, that charges of discrimination had been filed against "your organization." Berryhill Corporate's director of operations responded to the EEOC, informing them that Berryhill Montrose was not a "corporate store" and that they did not wish to be involved, and asking to be released from the charge. Berryhill Corporate knew that EEOC proceedings were occurring, and the CEO testified that Berryhill Corporate could have remained involved in the investigation had it chosen to. The EEOC considered Berryhill Corporate a respondent in the matter. *See id.* at 479-80.

After the EEOC completed its investigation, it determined that Wattel had engaged in harassment in violation of Title VII and, with the two women, subsequently filed suit against Berryhill Montrose in the Southern District of Texas. The individual plaintiffs later added additional parties, including Berryhill Corporate. After discovery, Berryhill Corporate moved for summary judgment arguing, in pertinent part, that the plaintiffs failed to exhaust their administrative remedies against it because they did not name Berryhill Corporate in their EEOC charges. The plaintiffs responded with a claim that they satisfied the named-party requirement because they used Berryhill Corporate's trade name ("Berryhill Baja Grill") in the EEOC charges, which, they implied, is the only requirement to comply with Title VII's naming requirement. *See id.* at 480.

The Fifth Circuit disagreed:

> [The plaintiffs'] argument improperly tries to stretch a judicial recognition that sometimes parties will accidentally use only a company's trade name on EEOC charges, even though the company is "informally referred to in the body of the charge"—and a corresponding judicial willingness to find that the company was named in such a charge—into a blanket rule that the use of a trade name is always sufficient even when there is no other indication anywhere in the charge that the company violated Title VII.

*Id.* at 481 (quoting *Romero*, 615 F.2d at 1311). The court ruled that "such an expansion . . . would *seriously undermine* the purposes of the named party requirement." *Id.* (emphasis added). Looking to the specific charges, the court concluded that the plaintiffs named only Berryhill Montrose and not Berryhill Corporate in that: (1) "Berryhill Baja Grill" was the trade name for both Berryhill Corporate and franchisees like Berryhill Montrose; (2) the charges listed the address for Berryhill Montrose, not Berryhill Corporate; (3) the plaintiffs listed Wattel as the "owner" of the Berryhill company named in the charge; and (4) nowhere in the charges did either plaintiff discuss the behavior of Berryhill Corporate. Accordingly, the court concluded that the plaintiffs "were referring to Berryhill Montrose, and Berryhill Montrose alone," and thus they could not claim that the charges named Berryhill Corporate simply because they used the Berryhill Baja Grill trade name. *See id.* at 481-82.

The factual circumstances of *Simbaki* are similar to those here. In her Charge, Owens-Presley identified her employer by the name "Domino's Pizza," which is the trade name for both DPI and franchisees like MCD's Store on North Broad Street; as her employer's address, she listed the Store's North Broad Street address, not DPI's address; she mentioned the conversation with the "mid-50s Caucasian man" whom she identified as the "owner" of the Domino's Pizza company named in the Charge; and the only conduct to which she refers is conduct by employees of the MCD-owned Store. Considering these undisputed facts, the Court finds persuasive the reasoning of the Fifth Circuit in *Simbaki* and therefore concludes that the use of a trade name in an EEOC charge does not per se satisfy the named-party requirement vis-à-vis a franchisor or parent corporation. Indeed, the facts here are stronger than those in *Simbaki*, given that the Fifth Circuit held that the parent corporation was not named notwithstanding the fact that it was in communication with the EEOC and was aware that the proceedings were underway.

Because Owens-Presley did not include any facts, allegations, statements, or circumstances in her Charge that in any way differentiated the franchisee Store from DPI, the Court determines she was referring to the franchisee Store, and the franchisee Store alone. Her use of the trade name "Domino's Pizza" cannot apply to both the franchisee Store and DPI. Accordingly, DPI was not "named" in the Charge.[2]

### 2. The *Schafer/Glus* Exception

As both parties acknowledge, the inquiry does not end here. Because the Court has found that Owens-Presley did not name DPI in her EEOC Charge, it must now determine whether she may invoke the judicially recognized exceptions to Title VII's named-party requirement.

In *Schafer v. Board of Public Education*, 903 F.3d 243 (3d Cir. 1990), the Third Circuit recognized an exception to the named-party requirement which permits Title VII claims to proceed against a party unnamed in an EEOC complaint if the unnamed party "received notice" and it shares an "commonality of interest" with a party named in the EEOC complaint. *Id.* at 251-52. This articulation of the exception is a "shorthand version," *Dixon v. Phila. Hous. Auth.*, 43 F. Supp. 2d 543, 546 (E.D. Pa. 1999), of the test articulated in *Glus v. G.C. Murphy Co.*, in which the Third Circuit established four factors for determining whether a party unnamed in an EEOC complaint may be sued in a civil action:

(1) whether the role of the unnamed party could, through reasonable effort by the complainant, be ascertained at the time of the filing of the EEOC complaint;

(2) whether, under these circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary

---

[2] Owens-Presley's final contention on this point is that her use of the "Domino's Pizza" trade name should be permitted because the Pennsylvania Rules of Civil Procedure allow a corporation to be sued under its "corporate name," defined as "any name, real or fictitious, under which a corporation or similar entity was organized, or conducts business, whether or not such name has been filed or registered." Opp'n at 16 (quoting Pa. R. Civ. P. 2176; *id.* 2177). However, she has cited no case (and the Court has found no case) invoking these provisions to permit a plaintiff to force an end-run around Title VII's named-party requirement.

11

>> conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and]
>
> (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is through the named party.

629 F.2d 248, 251 (3d Cir. 1980) (internal line breaks added), *vacated on other grounds sub nom. Retail, Wholesale & Dep't Store Union, AFL-CIO v. G.C. Murphy Co.*, 451 U.S. 935 (1981).[3]

Before delving into an analysis of the *Glus* factors, Owens-Presley must show, as a threshold matter, that she has satisfied the first part of the *Schafer* exception, *i.e.*, that DPI "received notice" of the EEOC complaint. The Third Circuit has construed "received notice" to require a showing that the unnamed party had "actual knowledge of the EEOC complaint." *Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 764 (E.D. Pa. 2005) (citing *Schafer*, 903 F.3d at 252); *see also Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127-28 (3d Cir. 1985).

Owens-Presley admits that there is no evidence that DPI had actual notice of the Charge at any time prior to the commencement of the lawsuit. J.A. 155; Defs.' Statement of Material Facts ¶ 34; Pl.'s Statement of Disputed Material Facts ¶ 34. However, she contends that "if a party is sufficiently identified in the Charge, even the lack of notice is not fatal to [her] claim." Opp'n at 17 n.17. The cases she cites in support of this argument, however—*DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424 (E.D. Pa. 2007); *Evans v. Maax-KDS Corp.*, No. 06-2804, 2006 WL 3488708 (E.D. Pa. Nov. 30, 2006); *Rickard v. Lion Brewery, Inc.*, No. 07-0984, 2007

---

[3] DPI contends that "[c]ourts within the Third Circuit and elsewhere have noted that 'the applicability of this exception has been limited to plaintiffs who were not represented by counsel at the time the EEOC complaint was filed.'" Mot. at 7 n.3 (quoting *Fordham v. Agusta Westland, N.V.*, No. 06-3915, 2007 WL 136329, at *3 (E.D. Pa. Jan. 11, 2007)). However, there is a split in this District on this issue, and the Court finds persuasive the decision in *Turk v. Salisbury Behavioral Health, Inc.*, No. 09-6181, 2010 WL 1718268, at *3 (Apr. 27, 2010), which held that "[a]lthough the *Glus* court notes that the exception helps those unrepresented by counsel avoid a technical stumbling block, the Third Circuit did not limit the identity of interest exception to pro se litigants[, and s]o long as the *Glus* factors are satisfied, a claim under [Title VII] may be brought against a party unnamed in the EEOC complaint." Owens-Presley is not barred from arguing that this exception applies simply because she was represented by counsel before the EEOC.

12

WL 3492714 (M.D. Pa. Nov. 13, 2007)—are inapposite. In *DeLa Cruz*, for example, while the court did agree with the defendant that it was not named in the EEOC *charge*, it nonetheless found that the plaintiff had exhausted his administrative remedies with respect to that defendant because the plaintiff had named it in his underlying EEOC *complaint* and included its address. The failure to include that defendant in the charge, thus, was an error ascribed to the EEOC, not the plaintiff, as "a Title VII complainant is not charged with the [EEOC]'s failure to perform its statutory duties." 521 F. Supp. 2d at 431 (citation and internal quotation marks omitted). Similarly, in *Evans*, the court found that a plaintiff had exhausted administrative remedies against the defendant where the EEOC failed to issue a notice of the charge (which named the defendant) to the defendant. 2006 WL 3488708, at *3.

The circumstances at play in those cases are not the circumstances here. As discussed above, there can be no dispute that Owens-Presley's Charge "names" only the MCD-owned Store as her employer. She made no mention in the charge of DPI's name or address, or of any conduct by DPI employees. Because she admits that there is no evidence that DPI had actual notice of Owens-Presley's Charge, or of the EEOC proceedings in general, there is simply "no basis whatsoever for concluding that [DPI] had notice of the claims against [it] or the opportunity to conciliate prior to the commencement of" the lawsuit. *Davies v. Polyscience, Inc.*, 126 F. Supp. 2d 391, 393-94 (E.D. Pa. 2001). Accordingly, Owens-Presley cannot avail herself of the *Schafer/Glus* exception to the named-party requirement because she fails to satisfy the notice element, and the Court thus concludes that she has failed to exhaust her administrative remedies against DPI. Summary judgment is therefore granted in favor of DPI on all claims.[4]

---

[4] Because the Court is granting summary judgment on this ground, it need not analyze the parties' other arguments.

B.     *Coskun's Motion*

The parties dispute whether Owens-Presley has adduced sufficient evidence to survive summary judgment on her claim of aiding and abetting liability under the PHRA against Coskun. The PHRA provides for individual liability in cases where a person aids and abets discriminatory acts. 43 Pa. Cons. Stat. § 955(e). An individual can be held liable for employment discrimination under this statute only if that individual is a supervisor who aided and abetted the discriminatory conduct. *Dici v. Pennsylvania*, 91 F.3d 542, 552-53 (3d Cir. 1996).

Coskun argues that summary judgment should be granted because Owens-Presley "has made no showing that she made any efforts to notify Mr. Coskun of the alleged failure to hire." Coskun's reliance on *Thorpe v. Reading Hospital*, No. 06-0828, 2006 WL 3196456 (E.D. Pa. Nov. 1, 2006), in support of this argument is misplaced. There, the plaintiff was an African American male who brought an action against a hospital alleging that the hospital failed to hire him as a parking valet based on his race. The hospital, which did not employ any valet parking attendants, had contracted with an independent company to provide valet parking and front door services for the hospital. After noting that the contract between the hospital and the parking company provided "stark evidence" that the hospital had no responsibility for any employment decisions the parking company made regarding its valets, the court granted summary judgment in favor of the hospital on the plaintiff's PHRA aiding-and-abetting claim because the plaintiff could not show that the hospital "knew or should have known about the discrimination and refused to take remedial action." *Id.* at *6-7. The facts of *Thorpe* are not analogous to those here. Whereas in *Thorpe*, the hospital disclaimed all authority over the parking company's employment decisions and the plaintiff could therefore not show that the hospital knew or should have known of the discrimination, here Coskun is the owner of MCD and retains ultimate

authority over all employment decisions.  Furthermore, Owens-Presley has proffered evidence that she spoke to the "owner" of the Store—a man with a description that plausibly fits Coskun's—who told her directly that he would not hire women as drivers.  The Court cannot say that a reasonable juror could not find that that man was, in fact, Coskun and that he "knew" of the discrimination because he had a direct hand in the discriminatory conduct when he told Owens-Presley that he would not hire women drivers.  Accordingly, Coskun's motion for summary judgment shall be denied.

An appropriate Order follows.


Dated: **August 10, 2015**


        **BY THE COURT:**

        **/s/ Wendy Beetlestone**
        _____
        **WENDY BEETLESTONE, J.**